UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CALLAGHAN, et al.,

            Plaintiffs,

    v.

BMW OF NORTH AMERICA, LLC, et al.,

            Defendants.

Case No.  13-cv-04794-JD

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 50

      This is a consumer class action brought by five named plaintiffs, each of whom owns a Mini Cooper "S model" vehicle.  The defendants are BMW of North America, LLC ("BMW NA") and its ultimate parent corporation in Germany, Bayerische Motoren Werke AG ("BMW AG").  The operative version of plaintiffs' complaint centers on defendants' alleged failure to disclose to consumers that the automatic transmissions in the S model vehicles are "prone to premature failure."  Pending before the Court are defendants' motions to dismiss the complaint.  The Court grants the motion brought by BMW NA with leave to amend, and denies BMW AG's motion as moot.

## BACKGROUND

      The current iteration of plaintiffs' complaint -- the second amended complaint -- represents plaintiffs' third attempt to state a claim.  Plaintiff amended once as of right, and the Court previously granted defendants' motions to dismiss plaintiffs' first amended complaint with leave to amend.  Dkt. No. 33.  The main allegation in plaintiffs' first amended complaint was that defendants failed to disclose that "the automatic transmission fluid would need to be replaced at some point during the lifetime of the vehicles."  *Id*. at 1.  Plaintiffs alleged that they were led by defendants "to believe their vehicles were equipped with 'lifetime' automatic transmission fluid

that need never be changed." *Id.* at 2.  The Court dismissed that complaint primarily for lack of standing.  The Court found, among other things, that the complaint "does not make clear the nature of plaintiffs' injury" or directly allege "a causal link between the alleged misrepresentations and omissions by the BMW group and the named plaintiffs' transmission failures." *Id.* at 5.

Somewhat surprisingly, the second amended complaint completely shifts gears.  In the prior dismissal order, the Court noted that "[w]hile plaintiffs make passing reference to the notion that the transmissions in plaintiffs' vehicles failed prematurely, the gravamen of their complaint is that they failed to perform necessary maintenance to the transmissions as a result of misstatements and omissions in the vehicles' marketing and maintenance program."  Dkt. No. 33 at 11.  But in the second amended complaint, the prior claims about the vehicles' marketing and maintenance program have been dropped completely, and what used to be a "passing reference" to the premature failure of the transmissions has now been brought front and center.  Indeed, the first substantive allegation in the second amended complaint is that "BMW Group fails to disclose to consumers that the automatic transmissions in the Class Vehicles are prone to premature failure."  Dkt. No. 43 ¶ 3.  *See also id.* ¶ 6 ("This case concerns BMW Group's failure to disclose a material problem and safety issues concerning the Class Vehicles' Automatic Transmissions.  The Automatic Transmissions in the Class Vehicles are prone to premature failure, before the end of the useful life of the Class Vehicles, and well before consumers reasonably expect any such failure to occur.").  Plaintiffs allege that they "would not have bought the Class Vehicles had they known that the Automatic Transmissions installed were prone to unavoidable and dangerous premature failure." *Id.* ¶ 10.

Against this pleading backdrop, plaintiffs assert eight claims for relief on behalf of themselves and the putative nationwide class (as well as California, New York, Washington and Alabama subclasses):  (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1750 et seq.; (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; (3) violation of the New York Deceptive Practice Act, N.Y. Gen. Bus. Law § 349; (4) violation of the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1 et seq.; (5) violation of the Washington Consumer Protection Act, Revised Code of Washington § 19.86 et seq.; (6) suppression of

1   material fact, Code of Alabama § 6-5-12; (7) fraud; and (8) unjust enrichment.  *See* Dkt. No. 43 at

2   30-44.

3     Defendant BMW NA moves to dismiss under FRCP 12(b)(1), for lack of standing to sue,

4   and under FRCP 12(b)(6), for failure to state a claim.  Dkt. No. 50.  BMW AG joins BMW NA's

5   motion to dismiss, but also separately moves to dismiss on the ground that plaintiffs

6   "impermissibly resort to group pleading to mask the absence of any facts supporting a plausible

7   claim against BMW AG."  Dkt. No. 51.

**DISCUSSION**

9   ## I. GOVERNING STANDARD

10    As stated in the Court's prior dismissal order, a motion to dismiss under FRCP 12(b)(1)

11  challenges the court's subject matter jurisdiction over the asserted claims.  A jurisdictional

12  challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting

13  extrinsic evidence.  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

14  2003).  A district court accepts all allegations of fact in the complaint as true and construes them

15  in the light most favorable to the plaintiff.  *See id.* (citing *Zimmerman v. City of Oakland*, 255 F.3d

16  734, 737 (9th Cir. 2001)).

17    Dismissal under FRCP 12(b)(6), the other rule invoked by defendants, "can be based on

18  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

19  legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation

20  omitted).  To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that

21  is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has

22  facial plausibility when the pleaded factual content allows the court to draw the reasonable

23  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

24  678 (2009) (citing *Twombly* at 556).  "[F]or a complaint to survive a motion to dismiss, the non-

25  conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

26  suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962,

27  969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677).

28

United States District Court
Northern District of California

United States District Court
Northern District of California

When the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

**II. BMW NA'S MOTION TO DISMISS**

**A. STANDING**

Defendants heavily rely on the Court's prior dismissal for lack of standing and they seek dismissal again on that basis, arguing that "plaintiffs still lack standing to sue because, even if all other claims are taken as true, they have not alleged facts showing their transmission issues were ***caused by*** the 'defect,' instead of some other reason." Dkt. No. 50 at 3 (emphasis in original). Although, as discussed below, the Court finds it problematic that plaintiffs have "not even specified" what the alleged "defect" is here (*see id*. at 4), the Court will not dismiss the complaint again on standing grounds.

As stated in *Sharma v. BMW of North America, LLC*, No. C-13-2274 MMC, 2014 WL 2795512 (N.D. Cal. June 19, 2014), an inquiry regarding a plaintiff's standing to sue (and the court's jurisdiction over a matter) is analytically distinct from an inquiry about the merits of a plaintiff's claim. A "standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, cannot be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true." *Id*., at *2 (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011), internal quotation marks omitted).

The Court finds that the "standing" arguments put forward by defendants here in fact go to the merits of plaintiffs' claims rather than to plaintiffs' standing to sue. Defendants have failed to show that plaintiffs did not allege enough to cross the minimum threshold necessary to be in federal court. Defendants' motion to dismiss is consequently denied to the extent it is based on any alleged lack of standing.

**B. RULE 8 / FAILURE TO PLAUSIBLY PLEAD A DEFECT**

Whether plaintiffs have satisfied the minimum requirements to plead a claim under FRCP 8, however, is a different matter, and it is in that context that the Court finds the vagueness

4

1    of plaintiffs' allegations to be a fatal deficiency.  As the Supreme Court has expressly stated, to

2    avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on

3    its face." *Twombly*, 550 U.S. at 570.  "Plausibility requires pleading facts, as opposed to

4    conclusory allegations or the 'formulaic recitation of the elements of a cause of action,' *Twombly*,

5    550 U.S. at 555," and plaintiffs' allegations "must rise above the mere conceivability or possibility

6    of unlawful conduct that entitles the pleader to relief, *Iqbal*, 556 U.S. at 678-79."  *Somers v.*

7    *Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013).  "Where a complaint pleads facts that are

8    merely consistent with a defendant's liability, it stops short of the line between possibility and

9    plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation

10   omitted).

11        The most that plaintiffs have said about the alleged "defect" upon which their case is built

12   is that the Mini Cooper S model vehicles' automatic transmissions are "prone to premature

13   failure."  Dkt. No. 43 ¶ 3; *see also id.* ¶ 6 (transmissions are "prone to premature failure, before

14   the end of the useful life of the Class Vehicles"; plaintiffs allege on information and belief that "a

15   vehicle's transmission is intended and reasonably expected to last at least ten years").  While

16   plaintiffs also say this premature failure is "unavoidable," *id.* ¶ 7, and "dangerous," *id.* ¶ 59, their

17   allegations never descend below this 10,000 foot level of generality, and it is impossible to discern

18   from the allegations the specific nature of this supposedly unavoidable, classwide "defect."

19   Plaintiffs' allegations remain firmly on the mere "possibility" side of the line.

20        This results in insurmountable defects in pleading viability.  Assuming the Court were to

21   let the plaintiffs go forward with the current version of their complaint, what discovery requests

22   would they be permitted to serve on defendants?  Under the current vague generalities, the scope

23   of discovery arguably would include a request calling for defendants to produce everything

24   relating to the automatic transmissions of the Mini Cooper S model vehicles.  This is too broad.

25   Transmissions can fail for a myriad of different reasons.  As was quoted by the Supreme Court in

26   *Twombly*, 550 U.S. at 558, "some threshold of plausibility must be crossed at the outset before a

27   patent antitrust case should be permitted to go into its inevitably costly and protracted discovery

28   phase."  *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill.

United States District Court
Northern District of California

5

1    2003).  The same can be said of this consumer class action, and plaintiffs' second amended

2    complaint does not cross that threshold.

3            The impermissibly vague "defect" is at the heart of each of plaintiffs' eight claims for

4    relief.  *See*, *e.g.*, Dkt. No. 43 ¶¶ 114, 132, 139, 154, 164, 171, 177, 185.  Consequently, the Court

5    dismisses the entire second amended complaint for failure to satisfy the pleading standards of

6    FRCP 8, as it has been clarified in cases such as *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662.

7    The Court, however, grants plaintiffs leave to amend, as discussed below.

8            **C.  FAILURE TO ALLEGE SAFETY DEFECT**

9            The Court finds that plaintiffs' CLRA, UCL and fraudulent omission/concealment

10   claims (to the extent the latter are brought under California law) must be dismissed for the

11   additional reason that plaintiffs have "failed to plausibly allege the existence of an unreasonable

12   safety defect or [defendants'] knowledge of a defect" as set forth by our circuit court in *Wilson v.*

13   *Hewlett-Packard Company*, 668 F.3d 1136 (9th Cir. 2012).  There, in a consumer class action

14   brought against HP for allegedly concealing a design defect in its laptop computers, the court held

15   that the district court "did not err in requiring Plaintiffs to allege that the design defect caused an

16   unreasonable safety hazard."  668 F.3d at 1143.  The Court also held that plaintiffs "must allege

17   [defendants'] knowledge of a defect to succeed on their claims of deceptive practices and fraud,"

18   and that neither undated customer complaints nor complaints made after the named plaintiffs had

19   already purchased their laptops could be used to "support an inference that HP was aware of the

20   defect at the time it sold the Laptops to Plaintiffs."  *Id*. at 1146-48.

21           As discussed above, unlike the *Wilson* plaintiffs who "describe[d] the design defect in

22   some detail," the plaintiffs here have not sufficiently alleged a plausible design defect at all.  The

23   Court finds that this alone would support dismissal under *Wilson* for failure to sufficiently allege a

24   design defect that caused an unreasonable safety hazard.  Moreover, the allegations of defendants'

25   knowledge are also lacking here as they were in *Wilson*.  Plaintiffs have included in their

26   complaint allegations about eleven consumer complaints that were made to the National Highway

27   Traffic and Safety Administration ("NHTSA").  *See* Dkt. No. 43 at 8-15.  But the vast majority of

28   these post-date the purchases of plaintiffs Pena and Caldwell, and more than half post-date the

United States District Court
Northern District of California

1   purchases of plaintiffs Dose-Alderson and Callaghan.  (Named plaintiff Mueller stands alone -- his

2   purchase took place after all but one of the alleged NHTSA complaints.)

3          The Court consequently dismisses the CLRA, UCL and fraudulent omission/concealment

4   claims (to the extent the latter are brought under California law) pursuant to *Wilson*, 668 F.3d

5   1136.

6          **D.  UNJUST ENRICHMENT**

7          Plaintiffs' eighth cause of action is for "unjust enrichment."  Dkt. No. 43 at 44.

8   Plaintiffs do not specify which state's laws this claim is brought under, but to the extent plaintiffs

9   are seeking to rely on California law, the claim must be dismissed for the separate and additional

10  reason that unjust enrichment is not an independent cause of action.  *See Ham v. Hain Celestial*

11  *Grp., Inc.*, No. 14-CV-02044-WHO, 2014 WL 4965959, at *5 (N.D. Cal. Oct. 3, 2014) (citing

12  cases).  The Court dismisses any unjust enrichment claim brought under California law with

13  prejudice.

14         **E.  NYCPA, NJCFA, CLRA AND STATUTE OF LIMITATIONS**

15         Defendants also argue for dismissal on grounds specific to the New York Consumer

16  Protection Act, the New Jersey Consumer Fraud Act, and the California Consumer Legal

17  Remedies Act.  Dkt. No. 50 at 12-13.  And defendants make statute of limitations arguments for

18  plaintiffs' claims brought under these three state statutes.  *See id*. at 13-14.

19         In light of the Court's dismissal of the entire complaint under FRCP 8, the Court finds it

20  unnecessary and inappropriate to reach these arguments at this time.  Defendants are free to renew

21  them as they deem appropriate in response to any further amended complaint.

22      **III. BMW AG'S MOTION TO DISMISS**

23         In a separate motion to dismiss, BMW AG states its intent to join in BMW NA's motion to

24  dismiss, and also raises an independent argument on the basis that plaintiffs have allegedly

25  engaged in impermissible group pleading.  *See* Dkt. No. 51 at 2.  In light of the rulings above, the

26  Court denies this separate motion as moot.  BMW AG may also renew its group pleading

27  argument, if it deems appropriate, in response to any further amended complaint.

28

United States District Court
Northern District of California

7

**CONCLUSION**

The Court dismisses the second amended complaint. Although defendants have requested that the dismissal be without leave to amend, the Court does not agree that is appropriate at this point in the litigation. With the exception of any unjust enrichment claim under California law (which *is* dismissed with prejudice), the Court cannot say that the pleadings could not possibly be cured by the allegation of other facts. Plaintiffs may try again -- likely the last the Court will allow -- to state a claim that will get them past the pleadings stage. Any amended complaint must be filed by **December 30, 2014**. The amended complaint may not add any new claims or parties without prior leave of court. Defendants must answer or otherwise respond to the amended complaint by **January 27, 2015**.

The Court previously ordered the parties not to engage in any discovery other than the exchange of initial disclosures. Dkt. No. 60. That order will remain in place until further order of the Court.

**IT IS SO ORDERED**.

Dated: November 21, 2014

_____
JAMES DONATO
United States District Judge